UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                            :

UNITED STATES OF AMERICA                       :

                      - v. -                        :      S6 13 Cr. 261 (PKC)

EFRAIN RODRIGUEZ,                           :

                Defendant.                   :

------------------------------------------------------------------------X

## GOVERNMENT'S SENTENCING MEMORANDUM

                                                    PREET BHARARA
                                                    United States Attorney
                                                    Southern District of New York
                                                    One St. Andrew's Plaza
                                                    New York, New York 10007

Damian Williams
Assistant United States Attorney
      - Of Counsel -

## PRELIMINARY STATEMENT

The defendant, Efrain Rodriguez, a/k/a "Chiqui" ("Rodriguez" or the "defendant"), is scheduled to be sentenced on May 28, 2014 at 2:00 PM. The Government respectfully submits this memorandum in advance of the sentencing proceeding. The parties agree that the applicable United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range is 37 to 46 months' imprisonment (based on a total offense level of 21, and a Criminal History Category of I).

The Government respectfully urges the Court to impose a sentence of imprisonment within the Guidelines range.

## FACTUAL BACKGROUND

As the Court knows, this case involves a multi-member heroin conspiracy run by Saul Caballero ("Caballero") and managed by Juan Paulino ("Paulino"). The conspiracy obtained its heroin directly from Mexico. Caballero and Paulino then orchestrated its distribution in the Bronx. The defendant joined the conspiracy to assist Paulino with his heroin distribution. Specifically, the defendant helped broker heroin transactions in exchange for cash.

Because his conduct was relatively minor in comparison to some of his co-conspirators, and because the defendant was honest and forthcoming in his safety valve proffer, the Government agreed to offer the defendant a felony disposition under Title 21, United States Code, Sections 841(b)(1)(C) and 846.

## GOVERNMENT'S SENTENCING RECOMMENDATION

The Government respectfully submits that the defendant's conduct merits a sentence of imprisonment within the Guidelines range of 37 to 46 months, to be followed by a period of supervised release.

In the present case, a sentence within the advisory Guidelines range of 37 to 46 months' imprisonment would be sufficient, but not greater than necessary, to comply with the purposes of sentencing. From a categorical perspective, the Guidelines range that applies in this case reflects the considered judgment of the Sentencing Commission, after examining "tens of thousands of sentences and work[ing] with the help of many others in the law enforcement community over a long period of time" in an effort to fulfill the same objectives set out in Section 3553(a). *Rita*, 551 U.S. 338, 349 (2007).

Moreover, because the Guidelines "seek to embody the § 3553(a) considerations, both in principle and in practice," the Guidelines "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Id*. at 350. Several of those objectives support a Guidelines sentence here; specifically, the need to reflect the seriousness of the offense, to promote a respect for the law, and to provide just punishment for the offense, *see* 18 U.S.C. § 3553(a)(2)(A), the need to afford adequate deterrence to criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(B), and the need to protect the public from further crimes of the defendant, *see* 18 U.S.C. § 3553(a)(2)(C).

The seriousness of the crime for which the defendant was convicted is beyond dispute. As the Court well knows, heroin distribution—and in particular heroin distribution that has direct access to a Mexican source of supply—merits significant punishment, both to deter the general public (including those in and around the neighborhood where the conspiracy operated who may seek to fill the conspiracy's void) and to deter the defendant from potentially returning to narcotics distribution.

In sum, while the Government hopes this conviction represents the end of the defendant's criminal behavior, a significant sentence of imprisonment is justified. Accordingly, the

Government asks the Court to impose a sentence between 37 and 46 months' imprisonment followed by a term of supervised release.

**CONCLUSION**

For the foregoing reasons, a sentence within the Guidelines range of 37 to 46 months' imprisonment would achieve the legitimate purposes of sentencing.

Dated: New York, New York
May 23, 2014

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
Damian Williams
Assistant United States Attorney
Southern District of New York
(212) 637-2298