UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                    13-cr-261 (PKC)

            -against-                               ORDER

SAUL CABALLERO,

                    Defendant.

------------------------------------------------------------x

CASTEL, U.S.D.J.

On October 2, 2020, Saul Caballero filed a motion for the appointment of counsel to represent him in a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Docket # 253.)  The motion explains why Caballero believes that a reduction of his sentence is warranted.  (Id.)  The Court denied the motion for appointment of counsel and deemed the submission a motion for a sentencing reduction under section 3582(c)(1)(A).  (Docket # 254.) The government filed a response on November 12, 2020.  (Docket # 255.)

Section 3582(c)(1)(A) of title 18 provides that "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction" 18 U.S.C.§ 3582(c)(1)(A)(i).  The Court has broad discretion and may consider all circumstances in combination and in isolation.  See United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020).  The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A); see also United States

v. Roney, 2020 WL 6387844, at *1 (2d Cir. Nov. 2, 2020) ("Prior to reducing a defendant's term of imprisonment, however, a district court must consider the factors set forth in section 3553(a) to the extent that they are applicable.") (summary order; quotation marks omitted).

Caballero submitted a request for early release to the Bureau of Prisons on April 17, 2020, which was denied in a written response from the Acting Complex Warden of FCC Oakdale, dated June 10, 2020.  (Docket # 253 Ex. A.)  The government does not dispute that Caballero has exhausted his administrative remedies.  (Docket # 255 at 7.)

Caballero asserts that he suffers from serious medical conditions, including Type 2 diabetes, a heart murmur, high blood pressure and high cholesterol.  (Docket # 253.)[1]  He states that he underwent open-heart surgery in the past, and also has severely limited vision and is now legally blind.  (Id.)  He assets that his medical conditions constitute extraordinary and compelling circumstances warranting release under section 3582(c)(1)(A), given that his medical conditions place him at heightened risk of complications caused by Covid-19.  (Id.)  Caballero is 59 years old.  (Docket # 255 at 6.)  He is at a higher risk of serious medical consequences were he to contract the Covid-19 virus.

The Court accepts that a person at liberty has greater control than an incarcerated person over his surroundings and can quarantine, practice social distancing and use personal protective equipment as he sees fit.  Also, in the event that Caballero contracted the Covid-19 virus, he would have greater control over the course of his medical treatment if he were at liberty rather than incarcerated.

---

[1] According to the Center for Disease Control, individuals with Type 2 diabetes are at increased risk of severe consequences from Covid-19.  (https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last accessed Nov. 24, 2020).)

Caballero is housed at the Federal Correctional Complex in Oakdale, Louisiana. (Docket # 253 Ex. A.)  The government reports that, as of November 12, 2020, FCI Oakdale II, the unit where Caballero is housed, has approximately 829 inmates, of which nine currently have a confirmed case of Covid-19.  (Docket # 255 at 6.)  As of November 24, 2020, the Bureau of Prisons website states that FCI Oakdale II has six confirmed active cases among inmates and ten cases among staff.[2]  One inmate has died of Covid-19.  (Docket # 255 at 6.)

Taking full account of Caballero's medical condition, the conditions at FCC Oakdale and the section 3553(a) factors, Caballero's motion will be denied.

On March 26, 2014, Caballero entered a plea of guilty to one count of conspiracy to distribute one kilogram and more of heroin and one count of conspiracy to distribute 500 grams and more of methamphetamine.  (Docket # 108.)  The Court conducted a two-day Fatico hearing as to whether a role enhancement was appropriate under the advisory Sentencing Guidelines, and in a 23-page Memorandum and Order concluded that a three-level leadership enhancement was appropriate as to the heroin conspiracy, given Caballero's role as a "manager or supervisor." (Docket # 215.)  The Court found that Caballero coordinated drug couriers' travel to New York City, where their bodies passed heroin pellets at an apartment in the Bronx arranged for by Caballero.  (Id. at 8-9.)  He oversaw the purchase of couriers' airline tickets from Mexico to New York.  (Id. at 10.)  He supervised customers' payments for heroin and the collections by sellers, supervised drug payments wired to Mexico and coordinated out-of-town meetings to discuss procurement.  (Id. at 11-12.)  He was criminally responsible for 3 kilograms of heroin and 2.2 kilograms of methamphetamine.  (Docket # 234 at 7.)

---

[2] See https://www.bop.gov/coronavirus/ (last accessed Nov. 24, 2020).

Caballero's advisory Guidelines range of imprisonment was between 292 to 365 months.  (Sentencing Tr. at 8-9.)  The Court sentenced Caballero principally to 210 months imprisonment on both counts, to run concurrently, a sentence 82 months below the bottom of the advisory Guidelines.  (Docket # 229.)  In its statement of reasons, the Court noted that Caballero "knows sources for heroin and knows how to at least have it delivered into the United States to him, how to cause it to come to him from Mexico."  (Sentencing Tr. at 8.)  The Court stated that "protecting the public from further crimes of this defendant is quite realistic".  (Id.)  The Court observed that Caballero engaged in trafficking activities well into his adulthood. (Id.)

Caballero served 92 months of his 210-month below guidelines sentence.  He was arrested on or about March 26, 2013 and was remanded into custody.  The website maintained by the Bureau of Prisons lists Caballero's anticipated release date as February 23, 2028.[3]  Thus, reducing Caballero's sentence to time served would have the effect of reducing his sentence, taking account of good time credit, by approximately 87 months.

The Court has considered the need to protect the public from further crimes of Caballero, who was a manager or supervisor of a heroin conspiracy with ties to Mexican suppliers.  It has also take account of all of the other section 3553(a) factors, including the seriousness of the offense, the need for just punishment, and Caballero's history and characteristics.  The Court has also considered the time he has served in prison to date, his medical conditions, including Type 2 diabetes, a heart murmur and high blood pressure, conditions at his BOP facility and the on-going  Covid-19 pandemic.  Taking all considerations both in isolation and in combination, the Court concludes that Caballero has not demonstrated an extraordinary and compelling reason to reduce his sentence.

---

[3] See https://www.bop.gov/inmateloc/

- 5 -

Caballero's motion for motion for a sentencing reduction under 18 U.S.C. §

3582(c)(1)(A)(i) is DENIED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
        November 24, 2020