UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                      13-cr-261 (PKC)

      -against-                                                                 ORDER

SAUL CABALLERO,

                        Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

       Saul Caballero, who is proceeding pro se, has filed a second motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF 261.)  The Court denied his prior motion, explaining that the risks related to the Covid-19 pandemic did not amount to extraordinary and compelling circumstances, and that, separately, the factors of 18 U.S.C. § 3553(a) weighed heavily against the application.  (ECF 256.)

       Caballero's new motion continues to invoke the risks he faces from Covid-19 and urges that his age and rehabilitation favor a reduction of his sentence.  (ECF 261.)  He also asserts that, during the course of his term of imprisonment, he has become blind in both eyes. (Id.)  His memorandum includes the following descriptions of his medical condition:

> Caballero lost his eye vision b from acts of neglect, specifically, Caballero underwent surgery to his wrong eye, losing vision to both of his eyes during his imprisonment.  Now he is condemned to elaborate his daily tasks but only with the assistance of fellow inmates.
> …
> [N]ow, Caballero presents that he suffers from serious impediment and medical conditions, including that he is literally and legally blind, that during an act of negligence while eye surgery eye surgeon operated Caballero's wrong eye, exposing him to lose vision in both of his eyes.  Now Caballero endures blindness to both of his eyes

>and now he entirely depends on the help from fellow inmates in performing his daily shores [sic].

(Id. at 2, 3.)

In its response, the government urges that the Court should deny Caballero's current motion as a motion for reconsideration of its prior decision. (ECF 267.) However, the Court denied Caballero's initial motion on November 24, 2020, and this motion was filed nearly a year later, on November 1, 2021. Caballero's assertion that he has lost complete vision raises an issue that was not previously before the Court. The government seems to acknowledge that Caballero is now visually impaired. (ECF 266 at 2 ("Caballero's medical records confirm that he suffers from blindness, hypertension, arthritis, and diabetes.").) The government does not, however, explain what it means when it refers to Caballero's "blindness" or set forth any view on whether his apparent loss of vision could constitute an extraordinary and compelling circumstance, separate and apart from the health risks presented by Covid-19.

The government has submitted under seal Caballero's medical records as maintained by the Bureau of Prisons. (Opp. Mem. Ex. B.) The medical records suggest that Caballero's vision has deteriorated and that he is receiving ongoing treatment. An entry of September 23, 2022 notes a "guarded vision prognosis" and a referral to an ophthalmologist for "evaluation for cataract OS . . . ." (Id. at 9.) An entry of June 10, 2022, reported "Eyes/Vision Problems," "B eye pain," and "[h]e has had multiple eye surgeries since 2018." (Id. at 25.) It appears to suggest that Caballero may not have seen an ophthalmologist since 2019 ("awaiting OPTH who he hasn't seen since 2019") and states, "Expedite consult." (Id.) An entry of April 7, 2022, states, "Blind rt eye. Monofilament abnormal." (Id. at 39.) Records from an apparent vision screening on July 2, 2020 contains only one notation, which is under the line "Distance Vision" and states, "OS: 20/Light Perception." (Id. at 147.) A similar record from 2019 contains

more detail, including what appears to be a prescription for corrective lenses and a notation indicating that Caballero is blind in his right eye. (<u>Id.</u> at 148.) Earlier entries indicate functional vision, such as a June 21, 2018 notation reflecting a request for reading glasses and comfortable bifocals. (<u>Id.</u> at 150.)

The Court is unable to determine from the face of these records the severity of any vision problems affecting Caballero and the extent to which they are treatable. It is not apparent whether he has suffered permanent loss of vision in both eyes or whether any vision loss is partial or capable of being remediated through surgery or medication. The Court is therefore constrained at this time from intelligently ruling on Caballero's motion.

The government is directed to consult with the Bureau of Prisons and, within 30 days, supplement its response to more fully and precisely describe the nature and extent of any vision-related medical conditions affecting Caballero. The government shall also set forth its views as to whether the medical issues related to Caballero's vision could constitute extraordinary and compelling circumstances under section 3582(c)(1)(A), separate and apart from any risks related to Covid-19. Caballero may file a reply within 21 days of the government's supplemental response.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
May 24, 2023

COPY MAILED TO: Saul Caballero, Register No. 91981-054, USP Lompoc, U.S. Penitentiary, 3901 Klein Blvd., Lompoc, CA 93436